IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID E. COX, | : |
| Plaintiff, | : |
| vs. | :     CA 15-0032-WS-C |
| INLAND DREDGING COMPANY, LLC, etc., et al., | : |
| | : |
| Defendants. | |

## REPORT AND RECOMMENDATION

David E. Cox, with the assistance of retained counsel Marcus T. Foxx, filed a two-count employment discrimination complaint against the defendants in this Court on January 28, 2015. (Doc. 1.) This action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon plaintiff's failure to prosecute this matter by ignoring the defendants' attempts to conduct court-authorized discovery and ignoring various orders entered by the undersigned instructing him to appear personally in court on February 25, 2016 and, more importantly, on March 29, 2016.

## FACTUAL BACKGROUND

It is apparent that from the earliest stages of this litigation, the plaintiff and his attorney began to have difficulties in the attorney client relationship. (*See* Doc. 17.)[1]

---

[1] As previously referenced, the complaint in this matter was filed on January 28, 2015 (Doc. 1) and service was effectuated by waiver of service of summons on March 16, 2015 (Doc. 6, Exhibit 1).

These difficulties arose, at least in part, from plaintiff's failure to make agreed-upon payments to Mr. Foxx. (*Compare* Doc. 24, ¶¶ 2-6 *with* Doc. 38, at ¶¶ 8-9.) Communication issues worsened until such time as the plaintiff actually was given his file back from Mr. Foxx and a termination of representation letter purporting to end the attorney-client relationship between the plaintiff and Mr. Foxx was transmitted on July 14, 2015. (Doc. 38, at ¶ 10; *see also* Doc. 38, Exhibit 2, July 14, 2015 Termination of Services Letter.)[2]

On August 26, 2015, Mr. Foxx filed his first motion to withdraw. (Doc. 17.) However, because Mr. Foxx failed to attach to his motion the termination letter referenced in his motion, the motion was regarded as one seeking to voluntarily withdraw and was denied "without prejudice to counsel's ability to renew same and establish not only good cause to withdraw[] but, as well, that counsel has provided plaintiff with notice of his intent to withdraw and that this matter will not be disrupted by his withdrawal." (Doc. 19, at 2.) In a footnote, the undersigned acknowledged that a showing of good cause would not be necessary if Mr. Foxx supplied this Court with evidence that his services had been terminated by plaintiff. (*Id.* at 2, n.4.) It appears that, for whatever reason, Mr. Foxx did not continue to receive electronic notices of filings in

---

[2] On June 30, 2015, the Court entered its Rule 16(b) scheduling order which, in relevant measure, provided that all discovery was "to be completed on or before **January 29, 2016.**" (Doc. 16, at ¶ 3.)

> For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; . . . all depositions, including experts' depositions, taken; and motions to compel timely filed to give adequate time for the court to consider the[m] . . . .

(*Id.*)

this case and as such did not realize that his motion to withdraw had been denied. (*See* Doc. 31, Restricted Audio File for Motion Hearing Conducted on February 25, 2016.)

On November 19, 2015, the defendants individually served written Interrogatories and Requests for Production upon Mr. Foxx who was still counsel of record for the plaintiff. (*See* Doc. 23, Exhibit B.) After the time for response to these written discovery requests passed with the requests being unanswered, counsel for the defendants wrote to counsel for the plaintiff requesting a response. (*Id.*) No response was forthcoming and a motion to compel was filed on January 21, 2016 (Doc. 22) after additional efforts by the defendants to obtain answers to their written discovery requests failed (*see* Doc. 23). Upon being alerted by defense counsel that his motion to withdraw had not been granted and the defendants needed to pursue discovery in this matter, Mr. Foxx advised his client of the receipt of and need to respond to these discovery requests (*compare* Doc. 31 *with* Doc. 40, Restricted Audio File for Motion Hearing Conducted on March 29, 2016) and even set a meeting with Mr. Cox on January 4, 2016, which the Plaintiff did not attend (*see, e.g.,* Doc. 38, at ¶ 14). For his part, Mr. Foxx was unable to engage in discovery as the plaintiff had taken his file back from Mr. Foxx. (*Compare* Doc. 31 *with* Doc. 40, Restricted Audio Files.)

The defendants also advised Mr. Foxx during January of 2016 that they wished to depose the plaintiff but were informed by Foxx that he was no longer in communication with Cox and, therefore, could not produce plaintiff for his deposition by agreement. (*See* Doc. 27, at 1-2.) Accordingly, the defendants formally noticed plaintiff's deposition for January 27, 2016, in an attempt to secure plaintiff's deposition prior to the expiration of the discovery deadline in which to take depositions pursuant to the scheduling order in this matter. (*Compare id.* at 2 & Doc. 27, Exhibit A *with* Doc. 16, at ¶ 3.)

3

A copy of the notice of deposition was transmitted to Mr. Foxx, who forwarded the same to the plaintiff along with additional written communication. (*Compare* Doc. 27, at 2 *with* Doc. 38, at ¶¶ 16-17 & Exhibit 3 & 4.) The plaintiff received this correspondence, including the notice of deposition, and contacted Mr. Foxx regarding said correspondence prior to the noticed date for the plaintiff's deposition. (Doc. 40, Restricted Audio File for Hearing on March 29, 2016.) After plaintiff failed to appear for his noticed deposition (Doc. 27, Exhibit C), the Defendants filed a motion to compel deposition and/or for sanctions (Doc. 26).[3]

A hearing was set for February 25, 2016 to address the defendants' motions to compel discovery and Mr. Foxx's motion to withdraw. (*Compare* Doc. 25 *with* Doc. 29.) The plaintiff was ordered to appear in person for purposes of that hearing and was advised that his failure to appear could result in entry of a report and recommendation that his action be dismissed due to his failure to prosecute and obey the lawful orders of this Court. (Doc. 25, at 1-2.) Cox did not appear for the hearing on February 25, 2016. (Doc. 30.) During the hearing, Mr. Foxx informed the Court that he called the plaintiff and personally advised him of the hearing and the requirement that the plaintiff personally appear. (*See* Doc. 31, Restricted Audio File of February 25, 2016 Hearing.) Before taking the bench, however, the Court successfully contacted plaintiff by telephone and was advised by Mr. Cox that he had no notice of the hearing. (Doc. 30.) Given the representations of Mr. Foxx, as an officer of the Court, as well as the representations of defense counsel, the Court ordered Mr. Foxx to supplement his motion to withdraw and directed counsel for the defendants to prepare a proposed

---

[3] In the midst of the defendants' discovery efforts and resulting motions to compel, Mr. Foxx filed a second motion to withdraw. (Doc. 24.)

4

report and recommendation for the dismissal of this suit based on the failure of the plaintiff to appear and prosecute his case. (*See id.*)

Following the hearing on February 25, 2016, however, certified mail addressed to Mr. Cox containing a copy of the undersigned's order setting the matter down for the referenced hearing was returned as undeliverable (Doc. 32), which led the undersigned to question whether the plaintiff had sufficient knowledge of the date and time of the hearing or that his failure to appear for the hearing could result in entry of a report and recommendation that his action be dismissed based upon a failure to prosecute (Doc. 34, at 1 & n.1). Accordingly, the order entered on February 25, 2015 (Doc. 30) was withdrawn (Doc. 34, at 1) and the hearing on all outstanding motions was reset for March 23, 2016, with the clerk being directed to call the plaintiff and read the order setting said hearing to the plaintiff (*id.* at 2 & n.2). The Clerk's Office contacted plaintiff by telephone on March 7, 2016 and read the Court's order to him. (Doc. 35, Restricted Audio File Regarding Clerk's Telephone Call on March 7, 2016.)[4] During the just referenced telephone conference, plaintiff advised Clerk's Office personnel that that he would not return from his offshore job until March 24-25, 2016, but would be available to attend a hearing scheduled between March 25, 2015 and April 6, 2016. (Doc. 37, at 1.) Coincidently, counsel for the defendants filed a motion to continue the hearing (Doc. 36) and, therefore, as an accommodation to both counsel for the defendants and Mr. Cox, the motion to continue was granted by order dated March 8, 2016 and the hearing was reset for March 29, 2016 (Doc. 37). Clerk's Office personnel successfully contacted

---

[4] The Court's order, dated March 7, 2016, contained the following language: "Mr. Cox is **ORDERED** to appear in person on **March 23, 2016,** and further is **INFORMED** that his failure to appear for the hearing, or timely request a continuance of the hearing, may result in entry of a report and recommendation that this action be dismissed due to his failure to prosecute and obey the lawful orders of this Court." (Doc. 34, at 2.)

plaintiff by telephone on March 10, 2016, and relayed the contents of this Court's order resetting this matter to March 29, 2016. (*See* Doc. 39, Restricted Audio File Regarding Clerk's Telephone Call on March 10, 2016.)

In advance of the hearing Mr. Foxx filed a supplement to his motion to withdraw addressing further the representations made by the plaintiff regarding Mr. Foxx's failure to communicate with him. (Doc. 38, at ¶¶ 4-5.) Included in that filing was the Termination of Relationship letter and phone records documenting that Mr. Foxx had indeed contacted the plaintiff prior to the February 25, 2016 hearing, as represented by Mr. Foxx, as well as copies of written correspondence wherein Mr. Foxx advised plaintiff of his motion to withdraw and the ongoing discovery requests and dispute. (Doc. 38, Exhibits 1-4.)

The plaintiff did not appear for the hearing on March 29, 2016, as directed by the Court and conveyed by the Clerk. (*Compare* Doc. 41 *with* Docs. 34-35, 37 & 39.) Counsel for the defendants again appeared and requested dismissal of this suit by virtue of the plaintiff's failure to participate in discovery and prosecute his case. (Doc. 40, Restricted Audio File for Motion Hearing on March 29, 2016.) In addition, Mr. Foxx again requested that he be allowed to withdraw from any further representation of the plaintiff. (*See id.*)[5]

## **CONCLUSIONS OF LAW**

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370

---

[5] By order dated March 31, 2016, the undersigned granted Mr. Foxx's motion to withdraw and instructed defense counsel to "supply this Court with a non-positional proposed report and recommendation of dismissal[.]" (Doc. 41, at 2.)

U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").[6]

In this case, plaintiff failed to appear in Court on either February 25, 2016 or March 29, 2016, despite receiving at least actual oral notice of both hearings and being advised that his failure to appear could result in entry of a report and recommendation that his action be dismissed due to his failure to prosecute and obey the lawful orders of the Court. Those hearings were set down so that the Magistrate Judge could get to the crux of whether plaintiff had, in fact, terminated his attorney in July of 2015 and, if such termination had occurred and plaintiff was in possession of his litigation file, why he did not answer the defendants' propounded written discovery or appear for his deposition. (*Compare* Doc. 41 *with* Docs. 25 & 34.) It is now apparent to the undersigned that plaintiff did not appear for either hearing because, after terminating his relationship with Mr. Foxx, Cox lost interest in pursing this matter. Because plaintiff has for all intents and purposes abandoned the instant action,[7] it is recommended that the Court **DISMISS** Cox's complaint pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful orders dated January 25, 2016,

---

[6] In addition, a district court may sanction a party who fails to appear for his deposition, after being served with proper notice, or who fails to serve answers, objections, or a written response to properly served written interrogatories and/or requests for production of documents. Fed.R.Civ.P. 37(d)(1)(A)(i) & (ii). An appropriate sanction may include dismissing the action, in whole or in part. *Compare* Fed.R.Civ.P. 37(d)(3) *with* Fed.R.Civ.P. 37(b)(2)(A)(v).

[7] As referenced above, plaintiff took no discernable action to actively and properly participate in his own causes of action—for instance, by engaging in the discovery process, either by written discovery or deposition—and elected to not attend two hearings wherein the termination of his causes of action was at issue.

March 7, 2016, and March 8, 2016, and ignoring the defendants' valid attempts to conduct court-authorized discovery. If plaintiff can offer any valid reasons why this action should not be dismissed, he can certainly bring those reasons to the Court's attention when, and if, he files his objections to this report and recommendation.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of April, 2016.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**